UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DARNELL JOHNSON,

                        Plaintiff,

        - v -                                   Civ. No. 1:24-CV-472
                                                           (AMN/DJS)
HUDSON POLICE DEPARTMENT,

                        Defendant.
_____

**APPEARANCES:**                             **OF COUNSEL:**

DARNELL JOHNSON
Plaintiff, *Pro Se*
Hudson, New York 12534

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Darnell Johnson. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP"). Dkt. No. 2. By separate Order, this Court granted Plaintiff's Motion. Now, in accordance with 28 U.S.C. §§ 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.[1]

---

[1] Plaintiff has also made an application to file using the Court's ECF system. Dkt. No. 4. The Complaint is signed by an attorney, but one not yet admitted to practice in this District. It is unclear at this point whether that attorney will represent Plaintiff in this matter. Given that uncertainty and the recommended disposition of the Complaint, the application is denied without prejudice to renew should Plaintiff continue to proceed *pro se* in this action.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the

court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## B. Allegations Contained in Plaintiff's Complaint

The nature of the Complaint is unclear. The only named Defendant is the Hudson Police Department. The factual recitation in the Complaint reads in its entirety:

> The plaintiff alleges that the Hudson Police Department engaged in unjust actions leading to an assault, resulting in profound fear and post-traumatic stress disorder (PTSD). This trauma has significantly impaired the plaintiff's ability to manage investments effectively, impacting their financial well-being. Moreover, the plaintiff suffered serious physical harm during the incident, exacerbating their emotional distress and contributing to economic

3

> damages.  The alleged actions of the Hudson Police Department have inflicted a lasting and multifaceted toll on the plaintiff, encompassing both psychological and tangible repercussions.

Compl. at p. 4.  The Complaint does not identify, however, any specifics regarding the "incident" at issue, including when it occurred or what exactly Plaintiff alleges transpired.

### C. Sufficiency of the Pleading

As noted, the sole named Defendant is the Hudson Police Department.  "A city police department is not an independent, suable entity separate from the municipality in which the police department is organized." *Krug v. Cnty. of Rennselaer*, 559 F. Supp. 2d 223, 247 (N.D.N.Y. 2008); *see also EZ Pawn Corp. v. City of New York*, 2019 WL 2393780, at *9 (E.D.N.Y. June 5, 2019); *Cooper v. Proud*, 2018 WL 2729249, at *4 (N.D.N.Y. Mar. 22, 2018), *report and recommendation adopted*, 2018 WL 2727873 (N.D.N.Y. June 6, 2018).  As a result, Plaintiff's claim against the Department must be dismissed.

Moreover, the Complaint plainly fails to comply with the Federal Rules of Civil Procedure which require a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The purpose of Rule 8 is make certain that a party receives fair notice of the claims being asserted against them.  *See Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995).  Give the lack of specificity provided by the Complaint, it clearly lacks sufficient detail to serve that purpose.

"[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Accordingly, the Court recommends that the Complaint be dismissed, but that Plaintiff be afforded an opportunity to amend.

The Court advises Plaintiff that should he be permitted to amend the Complaint, any amended pleading submitted must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims a violation of his civil and/or constitutional rights, the amended complaint should specify (i) the alleged act of misconduct; (ii) the date, including the year, on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of the prior Complaint shall be incorporated into the amended complaint by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims Plaintiff intends to assert.

5

## II.  CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Complaint be **DISMISSED with leave to amend**; and it is

**ORDERED**, that Plaintiff's Request to file using ECF be **DENIED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  April 29, 2024
         Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).