UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DARNELL JOHNSON,

                Plaintiff,

v.                                                                       1:24-cv-00472 (AMN/DJS)

HUDSON POLICE DEPARTMENT,

                Defendant.

---

**APPEARANCES:**                                                    **OF COUNSEL:**

**DARNELL JOHNSON**
465 County Route 22
Hudson, New York 12534
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.    INTRODUCTION**

On April 4, 2024, Plaintiff *pro se* Darnell Johnson commenced this action using a form complaint that alleged harm as a result of "unjust actions" by Defendant Hudson Police Department. Dkt. No. 1 ("Complaint"). Plaintiff sought and was granted leave to proceed *in forma pauperis*. Dkt. Nos. 2, 6.

This matter was referred to United States Magistrate Judge Daniel J. Stewart, who reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and, on April 29, 2024, recommended that (i) the Complaint be dismissed with leave to amend, and (ii) Plaintiff's application to use the Court's electronic filing system be denied without prejudice. Dkt. No. 7 ("Report-Recommendation"). Magistrate Judge Stewart advised that pursuant to 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-

Recommendation within fourteen days would preclude appellate review. *Id.* at 6.¹ Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.    STANDARD OF REVIEW**

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

---

¹ Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

**III.    DISCUSSION**

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Stewart found that the nature of the claim(s) in the four-sentence Complaint was unclear, the allegations lacked specificity, and that Defendant was not a suable entity. Dkt. No. 7 at 3-4. Accordingly, Magistrate Judge Stewart recommended that the Complaint be dismissed with leave to amend. *Id.* at 5. Magistrate Judge Stewart also recommended that Plaintiff's *pro se* application to use the Court's electronic filing system, *see* Dkt. No. 4, be denied without prejudice, in part because Plaintiff's filings suggested an attorney might appear on his behalf and in part because of the recommended dismissal of the Complaint. Dkt. No. 7 at 1 n.1. The Court agrees with Magistrate Judge Stewart's findings and recommendations for the reasons set forth in the Report-Recommendation.

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

**IV.    CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 7, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED with leave to amend**;[2] and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing

---

[2] As set forth in the Report-Recommendation, any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Dkt. No. 7 at 5.

3

date of this Order; and the Court further

**ORDERS** that, if Plaintiff files a timely amended complaint, it shall be referred to Magistrate Judge Stewart for review; and if Plaintiff fails to file a timely amended complaint, the Clerk is directed to close this case without further order of this Court; and the Court further

**ORDERS** that Plaintiff's application to use the Court's electronic filing system, Dkt. No. 4, is **DENIED without prejudice**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: June 10, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions herein.